IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 10 CR 533 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| DARNELL BOYCE, | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Darnell Boyce's motion to dismiss the indictment [50]. For the reasons set forth below, the motion [50] is respectfully denied.

**I.   Background**

On June 22, 2010, a federal grand jury returned a two-count indictment charging Defendant Darnell Boyce with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Boyce filed a motion to dismiss the indictment relying on the Seventh Circuit's decision in *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009) (en banc). In *Buchmeier*, the Illinois Department of Corrections sent the defendant a notice that informed him of the restoration of certain civil rights. Boyce's motion contends that he has not committed a predicate felony – a crime punishable by imprisonment for a term exceeding one year – which is an element that the government must prove under § 922(g)(1). More specifically, Boyce argues that, under 18 U.S.C. § 921(a)(20) and *Buchmeier*, his prior Illinois convictions do not count as predicate felonies because the State of Illinois notified him of the restoration of certain civil rights.[1]

---

[1] Section 921(a)(20) provides in relevant part that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be

1

In its initial response, the Government argued that Boyce could not prove that he ever received a restoration of rights letter. On June 6, 2011, after the parties had submitted their briefs, the Seventh Circuit issued its decision in *United States v. Burnett*, 641 F.3d 894 (7th Cir. 2011)—a case with strikingly similar facts to those present in this case. In *Burnett*, the court of appeals held that 18 U.S.C. § 921(a)(20) sets an objective standard. *Id.* at 896. In other words, it does not matter what the recipient understood the letter to mean or even if he received or read the letter; it matters only what the letter said. *Id.* That part of the *Burnett* decision at least arguably aided Boyce's cause. Although the Government does not concede that Defendant was sent a restoration of rights letter after he completed his period of supervised release for the UUW conviction on February 5, 1997, the Court assumes for purposes of this motion that such a letter was sent. However, the remainder of the *Burnett* opinion raised another potentially significant issue that bears on whether all, some, or none of Boyce's earlier convictions are "countable convictions" that could serve as predicate felonies in support of a felon in possession charge.

Because of the importance of the issue and the need to gather additional information to properly assess it, the Court allowed Defendant time to request additional information from Illinois prison officials. The parties then filed another round of briefs addressing the impact of *Burnett* on this case. Boyce maintains that the indictment must be dismissed because under *Burnett*'s objective standard, all of Boyce's prior convictions were wiped out by the restoration of rights letter that was sent to him in 1997. The Government counters that because restoration of rights letters apply on a conviction-by-

---

considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration or civil rights provides that the person may not ship, transport, possess, or receive firearms."

2

conviction basis, the 1997 letter covers (at most) only one of Boyce's prior convictions, and he remains on the hook for the five other previous convictions for which he never received letters.

## II.    Legal Standard

Federal Rule of Criminal Procedure 12(b)(3)(B) permits a party to make a pretrial motion that challenges the sufficiency of an indictment or information.  The contents of an indictment or information, in turn, are spelled out in Federal Rule of Civil Procedure 7(c)(1).  The Seventh Circuit teaches that an indictment is constitutionally adequate and complies with Rule 7(c)(1) where it (i) states the elements of the offense charged, (ii) fairly informs the defendant of the nature of the charge so that he or she may prepare a defense, and (iii) enables the defendant to plead an acquittal or conviction as a bar against future prosecutions for the same offense.  *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997); see also *Hamling v. United States*, 418 U.S. 87, 118 (1974) (discussing precedent and describing when the language of the indictment will be deemed sufficient); *Russell v. United States*, 369 U.S. 749, 763 (1962) (among the criteria for gauging sufficiency of an indictment are whether it includes "the elements of the offense intended to be charged" and whether is "sufficiently apprises the defendant of what he must be prepared to meet").

The Supreme Court has long held that "[a]n indictment returned by a legally constituted and unbiased grand jury, * * * if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. U.S.*, 350 U.S. 359, 362 (1956).  Indictments are to be reviewed "on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Cox*, 536 F.3d 723.  A motion to dismiss an indictment is not

"a means of testing the strength or weakness of the government's case.'" *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). Thus, while an indictment may be dismissed if subject to a defense that raises a purely legal question (*United States v. Labs of Virginia, Inc.*, 272 F. Supp. 2d 764, 768 (N.D. Ill. 2003)), a defense that relates to the strength of the Government's evidence ordinarily must wait for the trial. *Moore*, 563 F.3d at 586 (inquiry at the motion to dismiss phase is to determine "if it's possible to view the conduct alleged" as constituting the crime alleged); *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (noting the ordinary rule while affirming a district court that dismissed an indictment as to which, under the undisputed facts, "there was no case to prove").

### III. Analysis

Following *Burnett*—which resolved in Boyce's favor the prior dispute over whether he was required to prove that he had actually received a restoration of rights letter[2]—only two issues remain before the Court at this time: (1) which of Boyce's previous convictions did the restoration of rights letter cover; and (2) which party carries the burden of proof of proving a restoration of rights?

#### A. Boyce's Restoration of Rights Letter

In *Burnett*, the Seventh Circuit held that restoration of rights letters generally apply on a "conviction-by-conviction" basis. 641 F.3d 896. However, a single letter can relate to "all convictions being served at one time" and may cover "the expiration of multiple sentences on a single date." *Id.* Boyce claims that the letter sent by the State after he completed his parole for his 1995 conviction for an unauthorized use of a weapon

---

[2] As noted above, the Court assumes for the purpose of this opinion that the State sent a restoration of rights letter to Boyce in February 1997, upon the completion of his term of parole on the 1995 UUW conviction.

on February 5, 1997 clears him of all of his previous convictions. The Court respectfully disagrees.

In fact, the facts of *Burnett* almost precisely parallel the facts of this case and demonstrate that Boyce's contention misses the mark. Burnett was convicted of attempted murder in both 1988 and 1989. *Id.* at 897. He was sentenced to concurrent terms and released on parole in 1992. *Id.* Just a few months after he was released, he killed a man. *Id.* Consequently, his parole for the two attempted murder convictions was revoked, landing him back in prison as of October 1992. *Id.* While in custody serving the balance of his prior term following the revocation of his parole, Burnett was convicted of murder. *Id.* In January 1994, his maximum imprisonment on revocation of parole ended, but he remained in prison on the murder conviction. In other words, as of January 1994, Burnett's "custody was supported only by" the sentence for the murder conviction. *Id.* In 1997, he was paroled for his 1992 murder conviction; and in 1999, after his parole expired, the Department of Corrections sent him a letter saying that his civil rights had been restored. *Id.*

The Seventh Circuit concluded that the letter Burnett received in 1999 applied only to the 1992 murder conviction. *Burnett*, 641 F.3d at 897. The letter did not encompass the prior attempted murder convictions, even though Burnett's sentence upon revocation of parole following those convictions expired during his term of imprisonment for the 1992 conviction. To begin with, "the end of Burnett's custody following the revocation of his parole" did not coincide with the end of his custody on the new conviction; in fact, the period of custody on revocation "lay more than five years in the past" as of the date of the successful completion of parole on the later offense that

5

triggered the letter. *Id.* In addition, the court reasoned that Illinois may have refrained from sending Burnett any letters about his attempted murder convictions "because the ongoing custody for the murder conviction meant that he could not vote or hold public office" at that time in any event. *Id.* After all, he was still in custody on a murder conviction.

The facts here are nearly identical. Boyce was convicted of five felony offences in 1990. In 1994, while on parole for the five convictions, Boyce was arrested for unlawful use of a weapon ("UUW") and his parole was revoked. For a time, Boyce – like Burnett – was serving two sentences simultaneously: one on revocation of parole and the other for a newly committed crime that prompted the revocation. However, like Burnett, Boyce completed the sentence for his parole violation first – on December 23, 1995.[3] At that point, "his custody was supported only by" the sentence for his most recent crime. Boyce was released from custody on February 5, 1996, when he completed his sentence for the UUW conviction. Once Boyce completed parole for the UUW conviction on February 5, 1997, the Department of Corrections sent him a restoration of rights letter. As in *Burnett*, the end of the period of custody on revocation lay in the somewhat distant past – more than thirteen months – as of the date on which Boyce successfully completed parole on his later offense and earned his restoration of rights letter.

The Court finds no material difference between the facts in *Burnett* and the facts here. Consistent with the principles articulated in *Burnett*, the 1997 letter applies only to

---

[3] That date constituted the "maximum imprisonment on revocation of parole" (see *Burnett*, 641 F.3d at 897) for the 1990 convictions, calculated as the remainder of his initial period of supervised release less day-for-day credit. See [76-1 (affidavit of IDOC Chief Record Officer Jackson)].

6

the UUW conviction. Accordingly, Boyce's five 1990 convictions remain "countable convictions" for purposes of the predicate offense of felon in possession underlying the indictment in this case.

## B. Burden of Proof

Boyce also argues that the Government bears the burden of proving beyond a reasonable doubt that Boyce's rights were not restored as an element of the offense charged under § 921(a)(20) and that this is an issue for the jury to decide at trial. But in *United States v. Foster*, 2011 WL 2909455, at *13 (7th Cir. July 21, 2011), the Seventh Circuit explained that the "civil rights restoration exception in section 921(a)(20) is not an element of the offense described in 922(g)" and the "government had no obligation to present any evidence on the topic." Rather, a defendant's claim that his civil rights have been restored is "essentially an affirmative defense to a criminal charge under 18 U.S.C. § 922(g)(1)" and it is "the defendant's responsibility to raise this issue and to produce evidence showing that his civil rights have been restored." *Id.* at *13 (citing *United States v. Jackson*, 57 F.3d 1012, 1017 (11th Cir. 1995); *United States v. Flower*, 29 F.3d 530, 535-36 (10th Cir. 1994)). Accordingly, under *Foster*, the burden of proof falls on Boyce.[4]

Boyce has not marshaled any evidence that his rights have been restored as to his 1990 convictions. As explained above, the 1997 letter applies only to the 1995 UUW conviction, not to the five 1990 convictions. Boyce has not pointed to any other letters that the Illinois Department of Corrections may have sent that conceivably could have

---

[4] Even if the Court found *United States v. Essick*, 935 F.2d 28 (4th Cir. 1991), to be persuasive – which the Court does not – it could not accept Defendant's suggestion to follow *Essick*. Assuming that *Essick* remains good law – see *United States v. Barthelo*, 71 F.3d 436, 440 n.1 (1st Cir. 1995) (noting that *Essick* has been clarified and limited by subsequent Fourth Circuit decisions)), this Court is bound to follow the Seventh Circuit's controlling decision in *Foster*.

restored his rights as to those earlier convictions. Nor is it likely that he could do so, since he was still in custody on the UUW conviction at the time that he completed parole for the five previous convictions. See *Burnett*, 641 F.3d at 897. In short, because under *Burnett* the only restoration of rights letter of record applied only to Boyce's UUW conviction, Boyce appears to have no admissible evidence to counter the Government's contention that Boyce's five previous convictions are admissible as predicate felonies under § 922(g)(1). See *Foster*, 2011 WL 2909455, at *13 ("It is a defendant's responsibility to raise this issue and to produce evidence showing that his civil rights have been restored before the matter may be presented to the jury for resolution"); see also *United States v. Bartelho*, 71 F.3d 436, 440 (1st Cir. 1995) ("[t]he significance of § 921(a)(20)'s definitional nature is that the trial judge bears the responsibility of determining as a *matter of law* whether the prior conviction is admissible in a § 922(g)(1) case") (emphasis added). *Flower*, 29 F.3d at 535 ("It is the trial judge's responsibility to determine as a *matter of law* whether a prior conviction is admissible in a § 922(g)(1) case") (emphasis added).

IV. **Conclusion**

For the foregoing reasons, Boyce's motion to dismiss the indictment [50] is denied.

Dated: October 13, 2011

Robert M. Dow, Jr.
United States District Judge