**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 10-CR-533 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| DARNELL BOYCE | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Government's motions *in limine* [36] and Defendant Boyce's motions *in limine* [54]. For the reasons stated below, the Government's motion [36] is granted in part and denied in part and Defendant's motion [54] is granted.

**I.    Background**

On March 27, 2010, Individual A placed an emergency 911 call to report a domestic dispute with Defendant Boyce. Individual A also told the police dispatcher that Boyce had a gun. When the police officers arrived at Individual A's residence, she again informed the police that Boyce had a gun. The officers later observed Boyce in the area of Individual A's residence and approached him. When Boyce saw the officers, he fled. The officers reported that while they were chasing Boyce he threw a firearm. Shortly thereafter, the officers tackled Boyce and placed him in custody. The officers also reported that they then recovered Boyce's discarded firearm, as well as ammunition in his pocket. After the police processed Boyce at the police station, he was transported to St. Bernard's Hospital to treat injuries to his face that he sustained during the course of his arrest. Boyce was charged in a two count indictment with being a felon in possession of a firearm (Count 1) and being a felon in possession of ammunition (Count 2) in violation of 18 U.S.C. § 922(g)(1).

## II.    Legal Standard

A motion *in limine* is a motion "at the outset" or one made "preliminarily." BLACK'S LAW DICTIONARY 803 (8th ed. 2004).  The power to rule on motions *in limine* inheres in the Court's role in managing trials.  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Motions *in limine* may be used to eliminate evidence "that clearly ought not be presented to the jury because [it] clearly would be inadmissible for any purpose."  *Jonasson v. Lutheran Child & Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997) (observing that, when used properly, the motions may sharpen the issues for trial).  The party seeking to exclude evidence has the burden of demonstrating that the evidence would be inadmissible for any purpose.  *Robenhorst v. Dematic Corp.*, 2008 WL 1766525, at *2 (N.D. Ill. Apr. 14, 2008).

Because motions *in limine* are filed before the Court has seen or heard the evidence or observed the trial unfold, rulings *in limine* may be subject to alteration or reconsideration during the course of trial.  *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989); see also *Luce*, 469 U.S. at 41-42 ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").  In addition, if the *in limine* procedural environment makes it too difficult to evaluate an evidentiary issue, it is appropriate to defer ruling until trial.  *Jonasson*, 115 F.3d at 440 (delaying until trial may afford the judge a better opportunity to estimate the evidence's impact on the jury).  Finally, although motions *in limine* typically address evidentiary matters, they may also relate to other matters, such as affirmative defenses and proper lines of inquiry at trial.  See, *e.g.*, *United States v. McCloud*, 590 F.3d 560, 566-68 (8th Cir. 2009) (affirming trial court's *in limine* ruling regarding a mistake-of-age defense); *United States v. Price*, 520 F.3d 753 (7th Cir. 2006) (recounting a case's procedural history).

**III.    Government's Motion *in Limine***

**A.    Police Abuse**

The Government moves *in limine* to prevent Boyce from suggesting and introducing evidence that officers used excessive force in arresting him.  The Government stipulates that Boyce suffered injuries during the course of the arrest and received medical attention, but argues that the introduction of any evidence or argument as to the cause of his injuries will serve only to inflame the passions of the jury and that there is no probative value to allowing the jury to hear evidence of the cause of defendant's injuries.  See, *e.g.*, *United States v. Hart*, 409 F.3d 221, 223 (10th Cir. 1969) ("There is no nexus between the allegedly wrongful treatment [by the police officers] and the prosecution for the federal offenses charge . . . No confessions were obtained and no other evidence elicited from the accused as a result of this treatment.").  In other words, the Government argues that any suggestion or evidence of police brutality should be prohibited under Rule 403[1] because it would be prejudicial and have no probative value.

Defendant counters that evidence that he was abused by the police lies at the very core of his defense.  Boyce plans to argue that the beating gave the officers a motive for planting the recovered firearm.  See Def. Resp./Reply at 3 ("Mr. Boyce's injuries reflect on the credibility of the arresting officer and the motivations of the officers in asserting that Mr. Boyce possessed a gun and ammunition").  Boyce relies on *United States v. Ferrell*, 2010 WL 3239293 (E.D. Wis. 2010), also a felon in possession case, in support of his argument.   In *Ferrell*, the government sought to preclude evidence that, during the arrest, officers approached the defendant's car with their guns drawn.  *Id.* at *2.  The district court denied the government's motion *in limine* finding that:

---

[1] Rule 403 instructs that evidence is inadmissible if the probative value is substantially outweighed by the danger of unfair prejudice.  Fed.R.Evid. 403.

> Evidence need not bear directly on the elements of the offense in order to be relevant. Testimony about the officers' encounter with defendant, pursuant to which they allegedly recovered the gun and drugs, including the manner in which they approached his vehicle, would assist the jury in understanding and evaluating the events that immediately followed, and I assume that the government will in this case present such evidence. *Id.*

The Court concludes that Defendant has the better of the argument. Criminal defendants are guaranteed a "meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Moreover, the Defendant "has the right to introduce evidence that is not directly relevant to an element of the offense, but that makes the existence or non-existence of some collateral matter somewhat more or less likely, where the collateral matter bears a sufficiently close relationship to an element of the offense." *United States v. Hurn*, 386 F.3d 1359, 1364 (11th Cir. 2004). This is exactly the situation here. The alleged abuse of Boyce is not relevant to an element of the alleged crime, but it is relevant to the credibility of the officers' statements and may be probative of their motive in regard to in the events that followed Boyce's arrest. See Fed. R. Evid. 404(b).[2] As in *Ferrell*, the Court rejects the Government's invitation to shut down Boyce's primary defense altogether. Therefore, the Government's motion *in limine* is denied insofar as it seeks to exclude the introduction of evidence by Defendant to suggest that he was mistreated during his arrest. With that said, Rules 403 and 608(b) impose certain limitations on the manner in which Defendant may present his case and impeach the officers' testimony. In addition, the Government may elicit testimony and introduce evidence that it may have to rebut any suggestion that the officers acted improperly.

---

[2] Rule 404(b) instructs that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith" but it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan or knowledge. Fed.R.Evid. 404(b).

**B.      Individual A's 911 Call**

At trial, the Government seeks to introduce the audio recording of Individual A's 911 emergency phone call.  The Government argues that because Individual A made the call as she perceived the events and under startling conditions, the recording qualifies as a present sense impression and an excited utterance.

Rule 803(1) creates a hearsay exception for present sense impressions— "statement[s] describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediate thereafter."   Fed.R.Evid. 803(1).  Three conditions must be satisfied for the exception to apply: (1) the statement must describe an event or condition without calculated narration; (2) the speaker must have personally perceived the event or condition described; and (3) the statement must have been made while the speaker was perceiving the event or conditions, or immediately thereafter.  *Untied States v. Ruiz*, 249 F.3d 643, 646 (7th Cir. 2001).

Here, Individual A called 911 shortly after the domestic dispute ended.  In the course of the call, Individual A stated that she had just been hit by Boyce and that Boyce had a gun.  She also described what Boyce was wearing.  In other words, Individual A's 911 emergency call described without calculation or narration what Individual A perceived and her statement was made immediately after the event.  See *United States v. Campbell*, 782 F. Supp. 1258. 1260-61 (N.D. Ill. 1991) (911 recording in which the caller described the physical appearance of a man who had fired a handgun and left the scene minutes earlier was admitted as present sense impressions because they were "substantially contemporaneous" with the events describe).  Thus, the recording is admissible hearsay under Rule 803(1) as a present sense impression.

The Government also argues that Individual A's 911 call is admissible hearsay under Rule 803(2) as an excited utterance. For a statement to be admissible under this exception the proponent must demonstrate that: (1) a startling event occurred; (2) the declarant makes the statement while under the stress of excitement caused by the startling event; and (3) the declarant's statement relates to the startling event. *United States v. Joy*, 192 F.3d 761, 765 (7th Cir. 1999). The statement "need not be contemporaneous with the startling event to be admissible under rule 803(2) . . . [r]ather, the utterance must be contemporaneous with the excitement engendered by the startling event." *Id*. (internal quotations omitted).

Here, Individual A called 911 shortly after she was hit by Boyce. Boyce argues that the statement still does not qualify as an excited utterance under Rule 803(2) because Individual A did not call 911 to report the gun—rather, she called to report that Boyce hit her. But the purpose of the call does not negate the hearsay exception. "The exception is premised on the belief that a person is unlikely to fabricate lies (which presumably takes some deliberate reflection) while his mind is preoccupied with the stress of an exiting event." *Joy*, 192 F.3d at 765. Because a startling event occurred, Individual A called 911 while she was under the stress of the event, and the existence of the gun was established while the dispatcher was questioning Individual A about the event,[3] the exited utterance expectation applies in these circumstances. Thus, the recording of Individual A's 911 call also is admissible under the hearsay exception recognized in Rule 803(2). The government motion *in limine* is granted with respect to the recording.

---

[3] The fact that Individual A was answering questions, rather than giving a spontaneous narrative, does not indicate that she was not excited when she answered the dispatcher's questions. *Joy*, 192 F.3d at 767.

**C.      Prior Convictions for Impeachment**

The Government seeks an *in limine* ruling that the Court allow the Government to admit evidence of Boyce's prior convictions if he testifies at trial.  The Government argues that if Boyce testifies, his credibility will be a central issue and the jury is entitled to evaluate his credibility in light of his prior felony convictions. According to the Government, Boyce has seven previous convictions: five in 1990 for aggravated battery, robbery, armed robbery; one in 1994 for unlawful use of a weapon; and one in 2002 for drug dealing.

Federal Rule of Evidence 609(a) provides that "[f]or the purpose of attacking the credibility of a witness . . . evidence that an accused has been convicted of such a crime [i.e. one punishable by more than a year's imprisonment] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a).  The Seventh Circuit has articulated a five-part test "to guide the district court in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004).

Here, the first factor weighs in favor of Boyce.  None of the convictions went to his truthfulness. The second factor—the timing of the prior conviction—is more complicated. Under Rule 609(b), convictions more than ten years old are admissible only if the Court determines "that the probative value of the conviction . . . substantially outweighs its prejudicial

effect." Fed. R. Evid 609(b); *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).[4] Boyce's 2002 conviction is within the last ten years and therefore does not fall into the Rule 609(b) limitation. In regard to the 1990 and 1994 crimes, however, the probative value would have to substantially outweigh the prejudicial effect, as all of those convictions fall well outside the ten-year window. In *United States v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003), the Seventh Circuit stressed that in light of the purposes of Rule 609, "convictions over 10 years old will be admitted very rarely and only in exceptional circumstances."

The third factor—the similarity between the past crimes and the charged crime—favors the admission of the 1990 and 2002 convictions because "the convictions are *not* similar to his current offense and thus would not tend improperly to suggest to the jury any tendency on his part to commit the instant offense." *Montgomery*, 290 F.3d at 1015 (emphasis in original). But the 1994 is for a similar crime, unlawful use of a weapon, and thus favors exclusion. That conviction could be admitted only if it was sanitized – that is, at most the jury could learn of the fact of the conviction, but not of its nature.

The fourth factor—the importance of the defendant's testimony—weighs heavily in favor of admission. If Boyce testifies, plotting his story against the officers' version of the relevant events, his testimony will speak to the core issue in the case. Moreover, because both counts of the indictment charge felon in possession crimes, the jury already will hear evidence that Boyce is a felon,[5] so the risk of prejudice is diminished somewhat. Similarly, the fifth factor—the

---

[4] Rule 609(b) imposes a limitation only on the use of prior convictions for purposes of *impeachment*; it does not place any limits – through age or otherwise – on the admissibility of a prior conviction to prove a substantive element of an offense. See, *e.g.*, *United States v. Hudson*, 53 F.3d 744, 747 (6th Cir. 1995); *United States v. Yeley*, 2004 WL 2750265, at *1 (S.D. Ind. Oct. 18, 2004) (Tinder, J.).

[5] The Court previously has issued a written opinion [78] addressing the legal question of "countable convictions" under *United States v. Buchmeier*, 581 F.3d 561 (7th Cir. 2009) (en banc), and *United States v. Burnett*, 641 F.3d 894 (7th Cir. 2011).

centrality of credibility—weighs heavily in favor of admission. If Boyce's testimony conflicts with the officers' testimony, credibility will become a central issue at trial and the jury is entitled to have information to evaluate Boyce's truthfulness. See *Montgomery*, 390 F.3d at 1016 (district court correctly recognized that defendant's credibility was central to the case and impeachment with prior drug conviction was proper); *United States v. Grant*, 396 F.3d 906, 909-910 (7th Cir. 2005) (given defendant's theory that he possessed a pipe, not a gun, his credibility was crucial and therefore, impeachment with eight year-old conviction for drug crime was proper).

Taking into account all five factors, the Government's motion is granted in regard to the 2002 conviction, but denied as to the 1994 and 1990 convictions. If Boyce testifies, his credibility will be central to the case. Accordingly, admission of at least one prior conviction for impeachment purposes is fully consistent with the purpose of Rule 609 and would be useful to the jury in assessing Boyce's credibility. But the Court is not persuaded that the probative value of admitting the 1990 and 1994 convictions—well more than ten years old—would substantially outweigh the danger of prejudice under Rule 609(b). As noted above, under Seventh Circuit precedent, convictions that are more than ten years old admissible for impeachment purposes "very rarely and only in exceptional circumstances." *Fallon*, 348 F.3d at 254. Those circumstances are not present here. The Government will be able to use the 2002 convictions for impeachment, which along with cross-examination will provide the jury with sufficient information to evaluate Boyce's credibility (should he choose to testify) without the risk of prejudice from introducing a slew of convictions that are nearly two decades old.[6] The

---

[6] The fourth and fifth factors do strongly favor the Government's position – so much so that but for the 2002 conviction, the exceptional circumstances necessary to justify the use of a 17-year old conviction as impeachment may have been present.

Government's motion to allow the use of Boyce's prior convictions for impeachment is granted in part and denied in part, consistent with the foregoing analysis.

### D.    Government's Additional Motions

The Government also moved *in limine* on more standard issues: outrageous government conduct; penalties faced by defendant; jury nullification; motive for prosecuting the case; racial motivation; impact on family needs; commentary on discovery; arguments on lawful conduct; witness wrongdoing not involving dishonesty; missing witnesses; and the definition of reasonable doubt.  Defendant does not contest any of these motions, all of which essentially track existing circuit law on a wide range of topics.  As discussed on the record at the final pre-trial conference, counsel for both parties are familiar with Seventh Circuit law and have acknowledged their duty to act accordingly at trial.  In these circumstances, the Court need not issue a formal ruling on these topics.

At the final pre-trial conference, counsel for Defendant confirmed that Defendant does contest the Government's motion *in limine* to admit some portions of radio dispatch calls from the officer to the dispatcher while excluding other portions as inadmissible hearsay.  Because Boyce does not object to the excerpts of the radio dispatch calls, the Government's motion is granted as to those calls.

Finally, the Government moved to preclude evidence, argument, or questioning concerning alleged instances of prior misconduct by the officers involved in the case.  This issue was resolved in the Court's March 10, 2011 minute order [43] granting the Government's motion to quash [30].  Therefore, the issue need not be addressed again here.

**IV.** **Defendant's Motions** *in Limine*

    **A.** **Age of Individual A**

Defendant moves to preclude evidence showing Individual A's age at the time she became involved with Boyce. Boyce argues that under Rule 403, this evidence is highly prejudicial and immaterial to the charged offenses. The Government argues, on the other hand, that Individual A's age and the length of the relationship might be highly relevant to show Boyce's control and influence over her.

The Court agrees with Defendant. Under Rule 403, whatever potential probative value the introduction of this evidence might have is heavily outweighed by the potential prejudice of the jury. The Government can find other ways to suggest that Boyce exerted control over individual A without specifically making reference to the age of Individual A at the start of the relationship. Thus, Defendant's motion is granted; any reference to evidence establishing Individual A's age at the start of the relationship is inadmissible under Rule 403.

    **B.** **Use of Background**

Defendant also moves to prohibit the Government from referencing Boyce's "background." The Government seeks to introduce only one mention of the word "background" within a longer taped excerpt and contends that the reference is innocuous at worst and incomprehensible at best. Boyce posits an alternative inference that could be drawn from the reference to his background, which he submits may be prejudicial. Moreover, he argues that the word "background" is irrelevant to Government's purpose of admitting the statement to demonstrate Boyce's consciousness of guilt. The Court agrees. Under Rule 403, the probative value to including the word "background" in the recording is minimal at best, but there is potential for prejudice. As discussed at the pre-trial hearing, the Government may introduce the

remainder of the statement after redacting the word "background" from the conversation so as not to cause any possible prejudice.  If redaction does not present a feasible solution, the parties should promptly advise the Court and propose an alternative solution.

## IV.    Conclusion

For the foregoing reasons, the government's motion [36] is granted in part and denied in part and Defendant's motion [54] is granted.


Dated: October 26, 2011           _____
                                                    Robert M. Dow, Jr.
                                                    United States District Judge