UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 10 CR 533 |
| v. | |
| DARNELL BOYCE | Judge Manish S. Shah |

## ORDER

Defendant's motion for compassionate release [182] [184] [195] is denied. Defendant asks that his motion be converted to a petition under 28 U.S.C § 2255 to challenge his conviction and sentence. If the court recharacterizes the motion to be a Section 2255 petition, then it will count as defendant's first petition, and any later attempts to use Section 2255 will be subject to the restrictions on filing a second or successive petition. Although it seems defendant understands this, he must confirm his decision by filing a new motion asking to recharacterize his motion as a Section 2255 petition. If defendant does not file such a motion by 12/16/24, the court will assume that defendant does not want to pursue a Section 2255 petition now.

## STATEMENT

Darnell Boyce is serving a 210-month sentence following his conviction for being a felon in possession of a firearm. *United States v. Boyce*, 742 F.3d 792, 794 (7th Cir. 2014). He moves to reduce his sentence under 18 U.S.C. § 3582(c) because he is suffering from a mysterious and painful nodule in his jaw, and because his lengthy sentence is now inconsistent with his current rehabilitation and his potentially unconstitutional conviction and sentence.

A 911 caller reported that Boyce had a gun, and responding police officers saw Boyce toss a gun as they chased him. *Boyce*, 742 F.3d at 793–94. Boyce also tried to get the 911 caller to falsely recant her statement. *Boyce*, 742 F.3d at 794. Among other past convictions, Boyce had three convictions for robbery and one conviction for delivery of a controlled substance. *See* [187] at 7–8; [175] at 3.[1] The sentencing judge found that a fifteen-year mandatory minimum sentence applied to Boyce because of his prior convictions. [167] at 9–13, 54–55, 57. The court calculated the applicable guidelines range to be 235 to 293 months' imprisonment, and imposed a below-guidelines sentence of 210 months. [167] at 54, 64.

---

[1] Bracketed numbers refer to entries on the district court docket and referenced page numbers are taken from the CM/ECF header placed at the top of filings.

I have the authority to modify Boyce's sentence if, after considering the factors in 18 U.S.C. § 3553(a), I conclude that extraordinary and compelling reasons warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021).[2]

Although Boyce reports severe pain and discomfort from the nodule under his jaw, the submitted medical records persuade me that he is receiving treatment for the nodule—there is no extraordinary and compelling failure to treat. The course of treatment may not be satisfactory to Boyce, but Boyce is not suffering from a diagnosed terminal illness. He is not unable to provide self-care within the correctional setting. And Boyce is not suffering from a condition that requires long-term or specialized medical care that is not being provided (and without which he is at risk of serious deterioration in health, or death). True, he is complaining of severe symptoms and delays in treatment, but the records show that he is being monitored and receiving care from specialists. In sum, the medical circumstances described by the U.S. Sentencing Commission as extraordinary and compelling reasons for a sentence reduction are not present here. U.S.S.G. § 1B1.13(b)(1)(A)–(D).

My own assessment of the medical circumstances leads me to conclude, independently of the Sentencing Commission's approach, that Boyce's nodule does not present an extraordinary and compelling reason to reduce his sentence. Any specialized medical care in the BOP is fraught with complications and worry. But the BOP's approach to Boyce's care is within the ordinary range of circumstances, and if the BOP does fall below the applicable standard of care, then administrative grievances, the Federal Tort Claims Act, or an Eighth Amendment *Bivens* claim under *Carlson v. Green*, 446 U.S. 14, 23 (1980), are the ordinary means to address the problem.

Boyce's sentence is not unusually long when compared to the current state of the law. He invokes *Erlinger v. United States*, 602 U.S. 821, 834 (2024), and *United States v. Johnson*, 114 F.4th 913, 917 (7th Cir. 2024), to argue that imposition of a sentence exceeding 10 years would be unlikely today. He also invokes *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022), to argue that his conviction for being a felon in possession of a firearm is invalid (and therefore, his sentence is unusually long). Whether qualifying convictions occurred on different occasions is a jury question under *Erlinger*, but errors that infringe on a jury's factfinding role are subject to harmless-error analysis. So, because the harmlessness of any *Erlinger* error is unknown on this record, the likelihood that Boyce's sentence is unusually long is not apparent. And no binding appellate authority has held that 18 U.S.C. § 922(g) is unconstitutional in all of its applications or as applied to Boyce. Indeed, it is unlikely that it was unconstitutionally applied to Boyce. *See United States v. Gay*, 98 F.4th 843, 847 (7th Cir. 2024), reh'g denied, No. 23-2097, 2024 WL 3816648 (7th Cir. Aug.

---

[2] The government waives any insistence on exhaustion of administrative remedies. [187] at 17.

14, 2024) (parolee with prior violent felony conviction does not have a constitutional right to possess firearms). Even under the Sentencing Commission's advice at U.S.S.G. § 1B1.13(b)(6), Boyce's case is not an extraordinary and compelling one.

Developments in the constitutional analysis of the Armed Career Criminal Act and Section 922(g) are not extraordinary and compelling reasons to reduce a sentence. Judicial interpretation and application of constitutional doctrine can change over time and, when that happens, result in a disparity when comparing past outcomes to present or future ones. But that is the ordinary course of legal development, and the countervailing interest in finality of criminal judgments weighs against treating ordinary and typically nonretroactive changes in the law as extraordinary and compelling reasons to revisit a sentence. "Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction." *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022). As discussed above, the *Erlinger* and *Bruen* issues asserted by Boyce are, in this case, not extraordinary and compelling because they do not necessarily conflict with the lawful sentence imposed on Boyce in 2013. But to the extent they do, a constitutional attack on his conviction and sentence must be brought in a petition under 28 U.S.C. § 2255, not a motion for a reduced sentence under 18 U.S.C. § 3582(c). *United States v. Williams*, 65 F.4th 343, 347 (7th Cir. 2023) (judges must not rely on new judicial decisions when deciding whether an inmate has shown extraordinary and compelling reasons for relief).

Boyce's medical conditions and laudable efforts at rehabilitation (for example, the Unicor Work Program, business classes, and drug treatment), along with the length of the sentence, do not undermine the sufficiency of the original sentence under 18 U.S.C. § 3553(a). The offense was serious—a fleeing felon in possession of a firearm who had just been behaving erratically and later attempted to obstruct justice by interfering with a potential witness's testimony. Boyce's history included violent crimes like robbery, crimes against the public order like delivery of a controlled substance, and disrespectful crimes like unlawful gun possession and theft of government property. *See* [175] at 3 (summarizing defendant's criminal history). The below-guidelines sentence of 210 months remains the sufficient, but not greater than necessary, punishment to account for these factors.

The motion for compassionate release is denied.

ENTER:

Date: November 7, 2024

Manish S. Shah
U.S. District Judge